IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK, UNIVERSITY OF CONNECTICUT and WORCESTER POLYTECHNIC INSTITUTE,<br><br>Plaintiffs,<br>              v.<br>XIAOMI CORPORATION, XIAOMI H.K. LTD., XIAOMI COMMUNICATIONS CO., LTD., XIAOMI INC., AND ZEPP HEALTH CORPORATION,<br><br>Defendants. | **2:23-cv-00353-RWS-RSP**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ZEPP HEALTH CORPORATION'S STIPULATION**
**REGARDING INVALIDITY CHALLENGES**

Defendant Zepp Health Corporation ("Zepp Health" or "Defendant") hereby stipulates as the following.

WHEREAS, on or before February 5, 2025, Defendant will file with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office a petition for inter partes review ("IPR") of all claims of U.S. Patent No. 10,653,362 (IPR2025-00521).

WHEREAS, on or before February 5, 2025, Defendant will file with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office a petition for inter partes review ("IPR") of claims 1-11, 15-27, 29-30, 32-37, 39-40, 42-46 of U.S. Patent No. 9,713,428 (IPR2025-00522);

WHEREAS, on or before February 5, 2025, Defendant will file with the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office a petition for inter partes review ("IPR") of all claims of U.S. Patent No. 10,278,647 (IPR2025-00523); and

Defendant hereby stipulates as follows:

If the PTAB institutes the IPR in IPR2025-00521, then Defendant will not pursue in the instant district court case the grounds raised or that reasonably could have been raised in that IPR petition with respect to the claims for which the IPR is instituted.  *See Sotera Wireless, Inc. v. Masimo Corp.,* IPR2020-01019, Paper 12 at 16-19 (PTAB Dec. 1, 2020);

If the PTAB institutes the IPR in IPR2025-00522, then Defendant will not pursue in the instant district court case the grounds raised or that reasonably could have been raised in that IPR petition with respect to the claims for which the IPR is instituted.  *See Sotera Wireless, Inc. v. Masimo Corp.,* IPR2020-01019, Paper 12 at 16-19 (PTAB Dec. 1, 2020); and

If the PTAB institutes the IPR in IPR2025-00523, then Defendant will not pursue in the instant district court case the grounds raised or that reasonably could have been raised in that IPR

petition with respect to the claims for which the IPR is instituted. *See Sotera Wireless, Inc. v. Masimo Corp.,* IPR2020-01019, Paper 12 at 16-19 (PTAB Dec. 1, 2020).

This stipulation is not intended, and should not be construed, to limit Zepp Health Corporation's ability to assert invalidity of the asserted claims of any of the patents asserted in instant district court case based on any other ground, regardless of whether any IPR is instituted. Further, Zepp Health Corporation reserves the right to pursue invalidity grounds encompassed by this stipulation in the instant district court litigation if the PTAB declines institution of the IPR petition(s).

Dated:  January 30, 2025

Respectfully Submitted,

*/s/ Jack Shaw*
Jack Shaw
**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP**
3000 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Tel:  (650) 645-9019
Fax: (650) 687-8326
Jack.Shaw@procopio.com

*Attorney for Defendant*
*Zepp Health Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 30, 2025, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and any and all counsel of record who are deemed to have consented to electronic service will be served with a copy of this document via the Court's CM/ECF system.

*/s/ Jack Shaw*
Jack Shaw
