IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK and WORCESTER POLYTECHNIC INSTITUTE,<br><br>*Plaintiffs*,<br><br>v.<br><br>XIAOMI CORPORATION, XIAOMI H.K. LTD., XIAOMI COMMUNICATIONS CO., LTD., XIAOMI INC., and ZEPP HEALTH CORPORATION<br><br>*Defendants*. | CIVIL ACTION NO. 2:23-cv-00353-RWS-RSP |

**REPORT & RECOMMENDATION**

Before the Court are Defendant Zepp Health Corporation's Motions to Dismiss Under Federal Rules of Civil Procedure (12)(b)(2), 12(b)(6), 12(b)(7) and 19(a) & (b). **Dkt. Nos. 22, 23, 24**. For the reasons discussed below, the Motions should be **DENIED**.

I.  **Legal Standard**

A.  Personal Jurisdiction

In patent cases, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd*., 566 F.3d 1012, 1016 (Fed. Cir. 2009). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id*. (quoting *Avocent Huntsville Corp. v. Aten Int'l Co*., 552 F.3d 1324, 1328 (Fed. Cir. 2008)). Without an evidentiary hearing, the burden on plaintiff is to establish a prima facie showing of jurisdiction. *Xilinx, Inc. v.*

1

*Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (quoting *Avocent*, 552 F.3d at 1329).

Absent a controlling federal statute, a plaintiff may establish personal jurisdiction under Texas's long-arm statute, and that exercise of personal jurisdiction comports with Due Process. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting *Autogenomics*, 566 F.3d at 1016); *see also* Fed. R. Civ. P. 4(k)(1)(a). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually one federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Courts may have jurisdiction over a defendant pursuant to either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For general jurisdiction, "[a] court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. The defendant's contacts with the forum state are evaluated "over a reasonable number of years" up to the date the lawsuit was filed and are to be reviewed in total rather than in isolation from one another. *Johnston*, 523 F.3d at 610. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id.* at 613.

In determining whether a court's exercise of specific jurisdiction over a non-resident defendant comports with constitutional due process requirements, the Fifth Circuit directs courts to consider "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.' " *Xilinx*, 848 F.3d at 1353 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). The specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *NexLearn*, 859 F.3d at 1375 (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)). Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Burger King,* 471 U.S. at 475.

In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies. *Id.* at 477.

Personal jurisdiction may also exist under Federal Rule of Civil Procedure 4(k)(2), which provides, "[f]or a claim that arises under federal law, serving a summons ... establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*,

890 F.3d 995, 999 (Fed. Cir. 2018) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Come de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009)). In analyzing Rule 4(k)(2), a court must consider whether "(1) defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *M-I Drilling Fluids*, 890 F.3d at 999 (citing *Synthes*, 563 F.3d at 1293–94). The three-step due process analysis under specific jurisdiction and Rule 4(k)(2) are similar; however, Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Id.* (quoting *Synthes*, 563 F.3d at 1295).

### B.  12(b)(6)

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

### C. 12(b)(7) & 19

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id*.

A party is necessary under Rule 19(a)(1) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"If joinder is warranted, then the person will be brought into the lawsuit." *Wingate*, 327 F.3d at 439. "But if such joinder would destroy the [C]ourt's jurisdiction, then the Court turns to

5

Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id*. The factors in a Rule 19(b) analysis include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

## II.     ANALYSIS

### A. Personal Jurisdiction

Zepp argues that the Court should dismiss Plaintiffs' First Amended Complaint because it does not allege that Zepp has the requisite minimum contacts with Texas and exercising jurisdiction would not comport with due process. Dkt. No. 22 at 2. Zepp represents that it is a holding company incorporated under the laws of the Cayman Islands and has no offices or physical presence in the State of Texas or the United States. *Id.* Criticizing the complaint, Zepp argues that Plaintiffs offer only vague and conclusory allegations to support personal jurisdiction. *Id.* at 4. Zepp quotes select paragraphs from Plaintiffs' complaint that recite the legal standard and nothing else. *Id.* at 5 (quoting Dkt. No. 11 at ¶¶ 10, 20, 21 & 23). Zepp also cites evidence that it argues refutes Plaintiffs' allegations. *Id.* at 6.

Next, Zepp argues that exercising jurisdiction over it in Texas would offend traditional notions of fair play and substantial justice. *Id.* at 7. Zepp claims it would be significantly burdened by defending this suit in Texas because it has no contacts, connections, or relationship with Texas. *Id.* Zepp argues that Texas has no interest in this matter because it has no contacts with it and does not do business with its residents. *Id.* Thus, Zepp argues, it could not have foreseen being haled into this court.

Plaintiffs argue that Rule 4(k)(2) supports the exercise of jurisdiction over Zepp. Dkt. No. 36 at 5. First, according to Plaintiffs, federal patent law indisputably governs the claims at issue in this case. *Id.* Second, Plaintiffs argue that Zepp contends that it is not subject to personal jurisdiction in Texas but offers no alternative forum in the US. *Id* (citing Dkt. No. 22). Plaintiffs then cite *Merial, Ltd. v. Cipla, Ltd.*, 681 F.3d. 1283, 1294 (Fed. Cir. 2012), for the proposition that "if the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." Dkt. No. 36 at 5.

Plaintiffs next argue that Zepp purposely directs its activities to residents of the United States based on its relationship with Xiaomi. *Id.* at 7. Plaintiffs' complaint alleges a deep cooperation between Zepp and Xiaomi. *See* Dkt. No. 11 at ¶¶ 11–15. Ultimately, Plaintiffs allege that "Zepp generates a significant portion of its revenue from the sale of Xiaomi Wearable Products, fully cognizant of their eventual distribution in the U.S. market. This understanding is underpinned by Xiaomi's prominent presence in the U.S." *Id.* at ¶ 14. Plaintiffs then argue that under the stream of commerce test Zepp could reasonably foresee that the accused products ended in the US based on Zepp's FAQs and its SEC Form 20-F disclosures. Dkt. No. 36 at 8; *see* Dkt. No. 11 at ¶ 11; *see also AX Wireless LLC v. Lenovo Grp., Ltd.*, No. 2:22-cv-00280-RWS-RSP, 2023 U.S. Dist. Lexis 194504, *5 (E.D. Tex. September 6, 2023). Plaintiffs allege that Zepp and Xiaomi

7

work together in the production, selling and distribution phases based on Zepp promotional material. Dkt. No. 36 at 8. Plaintiffs also allege that the infringement claims against Zepp arise out of its connection with the forum. *Id.* at 10. Plaintiffs finally argue that the burden is on Zepp prove that the exercise of personal jurisdiction over it does not comport with fair play and substantial justice. *Id.*

The Court finds that Plaintiffs have pleaded a sufficient basis for the Court to exercise personal jurisdiction over Zepp. First, Rule 4(k)(2) applies because Zepp argues that it is not subject to personal jurisdiction in Texas but offers no alternative forum. *Merial*, 681 F.3d. at 1294. Next, taking Plaintiffs' allegations as true, as the Court must at the pleading stage, Zepp's conduct demonstrates purposeful direction of activity towards the United States. Furthermore, the Court disagrees with Zepp's description of the 179-page complaint as conclusory. Zepp points to certain paragraphs which standing alone are conclusory, but omits the preceding and surrounding paragraphs that explain Zepp's relationship with Xiaomi and their collective ties to the U.S. that plausibly give rise to personal jurisdiction. *See, e.g.*, Dkt. No. 11 at ¶¶11–15. For example, Paragraph 11 discusses Zepp's SEC Form 20-F that demonstrates Zepp and Xiaomi's relationship centered around distribution of products into the U.S. Plaintiffs' infringement claims are directly tied to Plaintiffs' allegations of Zepp's contacts with the U.S.

As Plaintiffs have established that Zepp directs infringing activity to the United States, it is now Zepp's burden to show the exercise of personal jurisdiction would be unfair. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003). The Court finds that Zepp has not shown that this is one of the rare circumstances where the exercise of personal jurisdiction would be unfair. Zepp's arguments about burden are unavailing. For example, Zepp has United States based counsel, and with the advances in travel and communication technology, the burden to

defend a case in Texas is not unduly high. Likewise, "both Texas and the United States have an interest in enforcing federal patent laws and providing a forum for [Plaintiffs] to efficiently pursue and resolve its patent infringement claims. Finally, Texas and the United States have an interest in discouraging patent infringement." *AX Wireless LLC*, 2023 WL 7105701, at *5 (internal citation removed). As such, no factor supports a finding that the exercise of personal jurisdiction is unfair.

### B. 12(b)(6)

Zepp also moves to dismiss the FAC under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Dkt. No. 23. Zepp argues that Plaintiffs' direct infringement, indirect infringement, and willful infringement allegations fail to state plausible claims for relief. *Id.*

#### i. *Direct Infringement*

First, Zepp argues that Plaintiffs fail to plausibly allege that Zepp directly infringes the Asserted Patents because Zepp does not make, use, offer to sell, sell, or import any of the accused products within the US. *Id.* at 4. Zepp contends that the FAC only makes conclusory allegations that Zepp directly infringes based on the above avenues. *Id.* Zepp argues that these allegations are implausible because it is a Cayman Islands corporation and "just a holding company." *Id.* For these assertions, Zepp relies on a sworn declaration of its COO, Mike Yeung. *Id* (citing Dkt. No. 23-2).

Plaintiffs respond that Zepp relies on controverted facts in its Motion that the Court cannot resolve at this stage. Dkt. No. 37 at 3. Plaintiffs specifically point to the above statements about Zepp's status as a holding company and its assertions that it does not directly infringe. *Id.* Plaintiffs also point to parts of their complaint that describe Zepp's relationship with Xiaomi and Zepp's sale of smart watches. *Id.* at 4–5 (citing Dkt. No. 11 at ¶¶ 12–13, 14, 28, 103, 115, 284). Plaintiffs also dispute the propriety of relying on Defendant's declaration at the Motion to Dismiss on the pleadings stage of the case. *Id.* at 5.

9

Zepp's Motion should be denied. Zepp's Motion amounts to disagreement with the allegations in Plaintiffs' complaint. At this stage, the Court must resolve any controverted factual allegations in favor of Plaintiffs. Zepp is not helped by its declaration because it is improper for the Court to consider controverted evidence under Rule 12(b)(6). The Court finds that Plaintiffs have pleaded a sufficient basis to put Zepp on notice of what claims it must defend against.

## ii.   Indirect Infringement

Next, Zepp argues that the FAC fails to state a plausible claim for relief with respect to indirect infringement. Dkt. No. 23 at 5. Zepp maintains that Plaintiffs' indirect infringement claims must be dismissed because they fail to allege any plausible facts showing direct infringement by a third-party. *Id.* Zepp also argues that the FAC merely recites the claim elements and parrots the legal standard. *Id.* at 6. Zepp also argues that Plaintiffs do not allege any knowledge by Zepp of the asserted patents prior to the lawsuit. *Id.* at 7.

Plaintiffs argue that at the 12(b)(6) stage there is no pre-suit knowledge requirement to establish induced infringement. Dkt. No. 37 at 9 (citing *In re Taasera Licensing LLC*, No. 2:22-MD-03042-JRG, 2023 U.S. Dist. LEXIS 40754, at *12, n.1 (E.D. Tex. Mar. 10, 2023)). Plaintiffs also argue that the complaint provides sufficient notice for post-suit induced infringement. *Id.* at 11 (citing *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.,* 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016)). Plaintiffs dispute Zepp's assertion that the allegations are conclusory. Dkt. No. 53 at 3 (citing Dkt. No. 11 at ¶¶ 291–297).

The Court finds that Plaintiffs have adequately pleaded indirect infringement. At least Paragraphs 294–297 of the complaint put Zepp on notice of all elements of indirect infringement. The Court agrees with Plaintiffs that they need not plead pre-suit knowledge to establish induced

infringement. *In re Taasera Licensing LLC*, No. 2:22-MD-03042-JRG, 2023 U.S. Dist. LEXIS 40754, at *12, n.1.

### iii. Willful Infringement

Zepp also argues that the complaint fails to state a claim for willful infringement. Dkt. No. 23 at 9. Zepp again asserts that the FAC only contains boilerplate allegations and takes issue with Plaintiffs pleading on "information and belief." *Id.* Zepp also argues that there are no allegations of pre-suit willfulness. *Id.* at 10.

Plaintiffs respond that they properly pleaded willful infringement based on post-suit knowledge. Dkt. No. 37 at 12 (citing *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Civil Action No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *6 (E.D. Tex. Sep. 22, 2017). Plaintiffs also argue that there is no issue with pleading on information and belief. *Id.* at 13.

The Court finds that Plaintiffs have sufficiently pleaded willful infringement. As with induced infringement, the pleading of post-suit knowledge may suffice to plead willful infringement. *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Civil Action No. 2:16-cv-1032-JRG, 2017 U.S. Dist. LEXIS 221765, at *6 (E.D. Tex. Sep. 22, 2017). There is no issue with Plaintiffs pleading on information and belief so long as they will likely have evidentiary support after discovery. *See* FRCP 11(b)(3). The Court finds that at least Paragraphs 291, 292, 294, and 299 put Zepp on notice of Plaintiffs' willful infringement theory.

### C. 12(b)(7)

Finally, Zepp contends that rather than it, its subsidiary Zepp North America, Inc. is the "primary participant" in the alleged infringement and is a necessary party to this action, but venue does not exist as to the subsidiary in this district. Therefore, Zepp contends dismissal is proper under 12(b)(7). Dkt. No. 24.

Zepp contends it is merely a holding company and has no part in the importation or sale of the accused devices. *Id.* at 4. Rather, Zepp contends such actions are undertaken by its subsidiary who claims an interest in this action. *Id.* Zepp argues that because any judgment would not include the actual infringer and the subsidiary would be prejudiced by a judgment in its absence, the subsidiary is a necessary party. *Id.* at 5.

Plaintiffs assert that Zepp's attempt to shift blame contradicts its representations to the SEC about its involvement with the accused products. Dkt. No. 28 at 3. Plaintiffs respond that a patent infringement action need not include such a subsidiary, and it can pursue its claim against whomever it believes infringes. *Id.* at 4–6. Plaintiffs contend Zepp itself is the party that imports and sells the accused products and that prosecuting this act of infringement need not include any subsidiary. *Id.* at 6. Plaintiffs contend that to the extent the subsidiary has any interest in this action, its interests are well represented by the parent, Zepp. *Id.* at 9–10.

The Court agrees with Plaintiffs and finds the subsidiary is not a necessary party to this litigation. First, the Court can grant complete relief as to the alleged acts of infringement with only the currently joined parties. "It is well-settled that joint tortfeasors are not considered 'required' or indispensable parties under Rule 19." *Bowman v. W. Rim Prop. Services, Inc.*, 4:14-cv-672, 2016 WL 7799625, at *2 (E.D. Tex. Feb. 9, 2016) (citing *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987)). Here, the alleged tort is Zepp's infringement of the asserted patents not the infringement by Zepp's subsidiaries. If Zepp is only a holding company and has not sold or imported the accused devices, the Court will hold Plaintiffs to the defendant it has selected and find no infringement. The fact that Plaintiffs may have selected the incorrect defendant is not grounds to dismiss under 12(b)(7). If Zepp can prove it has taken no action of its own, the appropriate motion would be for summary judgment. Further, the Court sees no reason why Zepp

12

is not adequately positioned to protect whatever interests its subsidiary may have in this litigation. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *4 (E.D. Tex. Sept. 5, 2023).

### III.   Conclusion

Based on the foregoing analysis, the Court recommends that all three Motions be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of March, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE